NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2109
_____

CHRISTOPHER FURNARI,

Appellant

v.

U.S. PAROLE COMMISSION;
WARDEN FCI ALLENWOOD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cv-02046)
District Judge: Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2005

Before: SCIRICA, *Chief Judge*, RENDELL and FISHER, *Circuit Judges*.

(Filed : March 8, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Christopher Furnari ("Furnari"), an inmate at a medium security Federal

Correctional Institution, located in Allenwood, Pennsylvania, appeals from the District

Court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Furnari was convicted of various offenses relating to his involvement in organized crime, and received a 100-year sentence, consisting of five consecutive 20-year terms and several additional concurrent terms. We affirm the District Court's denial of Furnari's habeas petition.

## I. Standard of Review and Governing Law

In a federal habeas corpus proceeding, this Court exercises plenary review of the District Court's legal conclusions. *Wilson v. United States Parole Comm'n*, 193 F.3d 195, 197 (3d Cir. 1999). As to this Court's review of the Parole Commission's factual findings, "[t]he inquiry is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976).

Pursuant to 18 U.S.C. § 4206(a), if an eligible prisoner has substantially complied with the rules of the institution or institutions to which he has been confined, and if the Commission, "upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner," determines (i) that release would not depreciate the seriousness of the offense or promote disrespect for the law; and (ii) that release would not jeopardize the public welfare, subject to other limitations contained in

this section, the prisoner shall be released. 18 U.S.C. § 4206(a). The Parole Commission has adopted guidelines for parole release consideration indicating the customary range of time to be served before release for various combinations of offense (severity) and offender (parole prognosis) characteristics. 28 C.F.R. § 20(b). The guidelines contain instructions for the rating of certain offense behaviors; however, where especially mitigating or aggravating circumstances exist, a decision or severity rating different from that listed may be justified. *Id.* § 20(d).

## II. Discussion

The factual background of this action, which is lengthy and complicated, was thoroughly discussed by the District Court and is known to the parties. Accordingly, we will focus in this opinion on the rationale for our decision.

In its March 10, 2004 order, the District Court denied Furnari's petition for a writ of habeas corpus. On appeal, Furnari argues that the Parole Commission's reliance on conduct other than the offense of his conviction to set the offense severity level violated the Parole Commission's rules and Due Process. Specifically, the conduct relied upon included Furnari's alleged involvement in murders and an attempted murder due to his role as a "consigliere" in a crime family.

The Parole Commission has broad discretion to review materials helpful in determining whether to release a prisoner on parole. *United States ex rel. Goldberg v. Warden, Allenwood Fed. Prison Camp*, 622 F.2d 60, 63 (3d Cir. 1980); *see also Fiumara*

*v. O'Brien*, 889 F.2d 254, 257-58 (10th Cir. 1990) (holding Parole Commission did not abuse discretion where it considered evidence of prisoner's involvement of four murders for which he was not convicted and denied parole); *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130-31 (6th Cir. 1987) (holding Parole Commission properly considered victim impact statement, which alleged prisoner raped victim during abduction for which he was imprisoned, for purposes of parole decision); *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 999-1000 (5th Cir. 1987) (noting Parole Commission's broad authority in materials it considers for parole decisions, including dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which prisoner was not even charged); *Melvin v. Petrovsky*, 720 F.2d 9, 10 (8th Cir. 1983) (finding Parole Commission not limited to indictment and conviction in determining severity of offense and can consider other reliable information, including presentence report). Indeed, Congress has even authorized the Commission to view presentence reports "despite the knowledge that '[t]here are no formal limitations on their contents and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged.'" *Id.* at 64 (citing *Gregg v. United States*, 394 U.S. 489, 492 (1969)).

Because the Parole Commission has broad discretion in the materials it can consider in making parole decisions, the Commission was within its authority in relying upon conduct other than the offense of Furnari's conviction, including his alleged

involvement in murders and an attempted murder for which he was neither charged nor convicted. Moreover, the Commission's reliance upon this conduct did not violate Furnari's right to Due Process. Generally, to satisfy Due Process, parole procedures must provide an opportunity to be heard and a statement of reasons for the Commission's decision. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). The Commission's reliance upon Furnari's alleged involvement in these other murders and attempted murder did not implicate either of these rights.

Furnari additionally challenges the Parole Commission's factual findings with respect to his alleged involvement in these other murders. This Court's review of the Parole Commission's findings of fact focuses on whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons. *Zannino*, 531 F.2d at 691. Our review of the record assures us that a rational basis in the record existed for the Commission's conclusions.

For these reasons, we will affirm the District Court's denial of Furnari's petition for a writ of habeas corpus.

_____